UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                                                           Chapter 12 Case

Wade Stephen Kallevig and                                                      Case No. 21-40243
Christina Marie Kallevig,
          Debtors.

---

## CHAPTER 12 PLAN

### ARTICLE I
SUMMARY OF THE PLAN

This plan shall continue for a period of 60 months from its effective date. The property of the Debtor is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The Debtor will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S. C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

### ARTICLE II
DEFINITIONS

1. "Creditors" means all entities having a claim against the debtor.
2. "Secured Creditor" means a creditor with a lien or security interest in property of the debtor.
3. "Claim" means a debt that is owed by the Debtor.
4. "Effective Date" means the date on which this plan is signed by all relevant parties.
5. "Trustee" means the Chapter 12 Trustee.

### ARTICLE III
CLASSIFICATION OF CLAIMS

CLASS 1     Costs of Administration

CLASS 2     Secured Claims

   A. Heritage Bank – Real Property and Equipment

   B. Bremer Bank – Real Property

   C. John Deere Financial – Judgment Lien

   D. Bremer Bank – 2013 Ford F150

   E. Wells Fargo – 2017 Ford Edge

CLASS 3       Priority Unsecured Claims

CLASS 4       General Unsecured Claims

CLASS 5       Executory Contracts and Leases

## **ARTICLE IV**
### TREATMENT OF CLAIMS AND INTEREST

<u>CLASS 1 - Costs of Administration</u>

Class 1 includes compensation and expenses of professionals and court costs and all expenses incurred by the Debtor after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court.

A. Attorney's Fees – Attorney's Fees will be paid after court approval to Debtor's attorneys, Stermer & Sellner, Chtd., 102 Parkway Drive, P.O. Box 514, Montevideo, MN 56265.

B. Trustee's Fees - The Chapter 12 Trustee shall make application to the Court for approval of Trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The Debtor shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtor, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtor if specified in the Plan.**

<u>CLASS 2 – Secured Claims</u>

Class 1 consists of the following secured claims:

   **A. Heritage Bank**

   The Debtor owes Heritage Bank approximately $1,668,152.21, which is secured by Debtors real property, 2020 crops and their proceeds, and Debtors equipment.

Real Estate Loan

Debtor scheduled the real estate with a value of $2,555,400.00 (excluding the parcel on which Debtors' house sits that Bremer Bank has a first priority security interest in). $1,268,152.21 shall be refinanced into one loan secured by Debtor's real estate. Interest will accrue on this the new principal balance at a rate of 4.00% per annum. Principal and interest will be amortized for a 30-year term, with a balloon payment due in five years after the completion of the Chapter 12 Plan. Payments shall be $75,000.00 per year, with the first payment due by December 31, 2021. Principal and interest will be fully amortized by way of equal payments, with the exception of the balloon payment. Debtors may prepay the claims in whole or in part at any time.

Kallevig Agri Products/Share Loan

Debtors' interest in grain, MN Soybean Processors, and Bushmills Ethanol (through their business Kallevig Agri Products, Inc.) equals approximately $477,300.00. $400,000.00 shall be refinanced into one loan secured by Debtor's equipment, MN Soybean Processors shares, and Bushmills ethanol shares. Interest will accrue on this the new principal balance at a rate of 3.00% per annum. Principal and interest will be amortized for a 5-year term. Debtor will work on liquidating the grain, MN Soybean Processor shares, and Bushmills Ethanol shares immediately after confirmation of the plan, to pay down this loan. Payments shall be minimally $87,500.00 per year, and the first payment must be made by the end of 2021. The remaining balances after a prepayment maybe re-amortized for the balance of the original five-year amortization period.

**B. Bremer Bank, N.A.**

The Debtor owes Bremer Bank, N.A. approximately $212,976.74, which is secured by Debtors homestead. Debtor scheduled the real estate with a value of $178,500.00. Interest will accrue on this the new principal balance at a rate of 4.00% per annum. Principal and interest will be amortized for a 30-year term. Principal and interest will be fully amortized by way of equal payments. Payments shall be $1,025.00 per month, with the first payment due the following month after the plan is confirmed.

**E. John Deere Financial**

The Debtor owes John Deere Financial ("John Deere") approximately $394,141.71, which is secured by Debtors' real estate via a judgment lien. Debtor scheduled the real estate equity (not including Heritage Bank's Loan and Bremer Bank's loan) with a value of $514,325.00. $394,141.71 shall be refinanced into one loan secured by Debtor's real estate. Interest will accrue on this the new principal balance at a rate of 4.00% per annum. Principal and interest will be amortized for a 30-year term, with a balloon payment due in five years after the completion of the Chapter 12 Plan. Debtors may prepay the claims in whole or in part at any time. Payments shall be $23,500.00 per year, with the first payment due by December 31,

2021. Principal and interest will be fully amortized by way of equal payments, with the exception of the balloon payment.

### C. Bremer Bank – 2013 Ford F150

Debtor, Wade Kallevig, co-signed a promissory note with Bremer Bank, N.A., for a 2013 Ford F150, VIN: 1FTFW1ETODKE28498. This vehicle belongs to Debtor's son and Debtor's son makes the payments on this loan. This debt is fully secured. Debtor's son will continue to make payments pursuant to the original loan agreement with Bremer Bank, N.A. outside of the plan.

### D. Wells Fargo

The Debtors owe Wells Fargo Bank N.A. ("Wells Fargo") approximately $12,157.27, which is secured by 2017 Ford Edge, VIN: 2FMPK4K92HBB15300. This debt is fully secured. Debtors will continue to make payments pursuant to the original loan agreement with Wells Fargo outside of the plan.

CLASS 3 – Priority Unsecured Claims

Class 3 consists of all claims entitled to priority under § 507, including the following:

A. Internal Revenue Service: $151,505.06 – Will be paid in full pursuant to class 4.

B. Minnesota Department of Revenue: $$86,840.16 – Will be paid in full pursuant to class 4.

CLASS 4 – Unsecured Claims

Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the Debtor is the principal, and claims for taxes and penalties which are not included in any other Class.

Debtors will pay allowed unsecured claims, in the total approximate amount of $266,828.74, over the five-year term of the plan. The Debtors shall pay the unsecured creditors at least an amount equal to the amount required in the liquidation analysis set forth in Exhibit A. Debtor's anticipate that all unsecured creditors will be paid in full. Debtors' shall pay Trustee $60,000.00 per year over the course of the plan for a total amount of $300,000.00. Payments shall be made by December 31 of each year or earlier.

| 2022 Total Payment to Trustee | $60,000.00 |
|---|---|
|  |  |
| Trustee Fees | $3,000.00 |
| Debtor Attorney | $3,000.00 |
| Unsecured Creditors | $54,000.00 |

| 2023 Total Payment to Trustee | $60,000.00 |
|---|---|
|  |  |

| Trustee Fees | $3,000.00 |
|---|---|
| Debtor Attorney | $3,000.00 |
| Unsecured Creditors | $54,000.00 |

| 2024 Total Payment to Trustee | $60,000.00 |
|---|---|
| | |
| Trustee Fees | $3,000.00 |
| Debtor Attorney | $3,000.00 |
| Unsecured Creditors | $54,000.00 |

| 2025 Total Payment to Trustee | $60,000.00 |
|---|---|
| | |
| Trustee Fees | $3,000.00 |
| Debtor Attorney | $3,000.00 |
| Unsecured Creditors | $54,000.00 |

| 2026 Total Payment to Trustee | $60,000.00 |
|---|---|
| | |
| Trustee Fees | $3,000.00 |
| Debtor Attorney | $3,000.00 |
| Unsecured Creditors | $54,000.00 |

CLASS 5 – Executory Contracts and Leases

Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The debtor assumes the following executory contracts and leases:

A. None

## ARTICLE V
### CONTINUATION OF FARMING OPERATION

The Debtor propose to continue their farm operation on a smaller scale and liquidate some of their property. Debtor shall defer from the income and proceeds of said operation sums of money for reasonable and necessary farm expenditures. Such expenses would include the ordinary, reasonable expenses that are set forth in the exhibits attached hereto, including payments to creditors outside of the plan and reasonable capital improvements, including machinery, equipment, and livestock. Debtor's projections of income, operating expenses, and payments are attached as Exhibit B.

The However, it is understood that any significant purchases that require new debt to be incurred will need court approval. As part of the continuing farm operation, Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. All disposable income as defined by 11 U.S.C § 1225(b)(2) received during the term of the plan will be applied to make payments under the plan.

## ARTICLE VI
## LIVING EXPENSES

Debtors projection of living expenses is $50,000 per year starting in 2021. Debtor's living expenses will primarily be paid by Debtors' off-farm income. The Debtor shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

## ARTICLE VII
## DISPOSABLE INCOME

The Debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that he may have disposable income annually in the approximate amount of **$60,000.00**. For the term of this Plan, all of the Debtor's disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the Debtor and his dependents) for 5 years following the effective date, shall be submitted to the Trustee for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

## ARTICLE VIII
## LIQUIDATION ANALYSIS

After deducting the amounts of the secured claims, exemptions, liquidation costs the Debtors' believe net equity in his property is $1,277,628.00. General and priority unsecured creditors (but not including attorney's fees) will receive no less than $270,000.00 over the life of the Plan, which will pay all the unsecured creditors who filed a claim in full. The Liquidation Analysis is attached as Exhibit A.

## ARTICLE IX
## POST-PETITION GOVERNMENT TAX CLAIMS

Pursuant to 11 U.S.C. §1232(a), the claims of the IRS and the Minnesota Department of Revenue arising after the filing of the petition in this case and prior to the discharge as a result of the sale, transfer, exchange, or other disposition of property used in Debtor's farming operation shall be discharged and treated as unsecured claims arising before the date of filing and are not entitled to priority, i.e. part of Class 4. If the Debtor files a tax return for a period for which such a claim arises, the Debtor shall prepare and service a notice of the claim on the IRS and the Minnesota Department of Revenue in accordance with 11 U.S.C. § 1232(d)(2) and to the extent that the IRS, Minnesota Department of Revenue, or the trustee timely files a proof of claim pursuant to 11 U.S.C. § 1232(d)(3), the trustee shall pay the IRS and the Minnesota Department of Revenue as general unsecured creditors.

## ARTICLE X
## EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtor proposes to continue their farming operations and make the plan payments out of farm or other income. The debtor's projection of income, operating expenses, and plan payments are attached as Exhibit B.

## ARTICLE XI
## RETENTION OF LIENS AND INCORPORATION OF DOCUMENTS

All creditors whose claims are treated as secured in this Plan shall retain his liens on the collateral securing their respective claims as specified in the Plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This Plan and the Order confirming the Plan may be recorded in the Office of the Register of Deeds of each county.

## ARTICLE XI
## GENERAL PROVISIONS

1. The Court shall retain jurisdiction over the Debtor and his property for the term of the Plan.
2. As part of the continuing farm operation, the Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The Debtor shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

Dated: May 11, 2021

STERMER & SELLNER, CHTD.

*Krystal M. Lynne*
Krystal M. Lynne  Atty ID #0392816
Attorney for Debtors
102 Parkway Drive, P.O. Box 514
Montevideo, MN 56265
Telephone: (320) 269-6491
E-mail: klynne@stermerlaw.com

Dated: May 11, 2021

*Wade S. Kallevig*
Wade Stephen Kallevig

Dated: May 11, 2021

*Christina M. Kallevig*
Christina Marie Kallevig

# EXHIBT A
# LIQUIDATION ANALYSIS

## WADE & CHRISTINA KALLEVIG

| Asset | Value | Lien | 2nd Lien | Exemption | NE Value |
|---|---|---|---|---|---|
| Real Property | | | | | |
| Property ID 12-034-0012 | $178,500.00 | BB - $178,500.00 | | $178,500.00 | $0.00 |
| Property ID 33-006-0035 | $506,800.00 | HB - $506,800.00 | | | $0.00 |
| Property ID 33-006-0045* | $366,900.00 | | | | $366,900.00 |
| Property ID 13-027-0030* | $141,925.00 | | | | $141,925.00 |
| Property ID 13-030-1070 | $5,500.00 | | | | $5,500.00 |
| Property ID 13-034-0011 | $352,250.00 | | | $704,800.00 | $0.00 |
| Property ID 13-027-0110 | $404,000.00 | HB - $404,000.00 | | | $0.00 |
| | | | | | |
| Chattel | | | | | |
| Equipment/Machinery | $403,450.00 | | | | $403,450.00 |
| | | | | | |
| Vehicles | | | | | |
| 2014 Ford Expedition | $14,000.00 | | | $5,000.00 | $9,000.00 |
| 2000 Ford Ranger | $3,000.00 | | | $3,000.00 | $0.00 |
| 2017 Ford Edge | $20,507.00 | WF - $12,150.00 | | $5,000.00 | $3,357.00 |
| 2003 International 9200 | $18,500.00 | | | | $18,500.00 |
| 2007 International 4300 | $14,000.00 | | | | $14,000.00 |
| 2017 DC Tilt Trailer | $2,500.00 | | | | $2,500.00 |
| 12' Alum Utility Trailer | $1,000.00 | | | | $1,000.00 |
| 2013 Wilson Trailer | $25,000.00 | | | | $25,000.00 |
| 2012 Talbert Trailer | $45,000.00 | | | | $45,000.00 |
| 2016 Wilson Trailer | $26,500.00 | | | | $26,500.00 |
| 2007 International 9900 | $27,000.00 | | | | $27,000.00 |
| 2013 Chevy Equinox | $3,500.00 | | | | $3,500.00 |
| Jet Step Deck Trailer | $3,500.00 | | | | $3,500.00 |
| 2006 25' Contrail Trailer | $2,500.00 | | | | $2,500.00 |
| 2018 Ford F350 | $50,000.00 | | | | $50,000.00 |
| | | | | | |
| Household/Misc. | | | | | |
| Household Goods | $5,000.00 | | | $5,000.00 | $0.00 |
| Electronics | $500.00 | | | $500.00 | $0.00 |
| Books and DVDS | $200.00 | | | $200.00 | $0.00 |
| Artwork | $500.00 | | | | $500.00 |
| Toy Tractors | $1,000.00 | | | | $1,000.00 |
| Guns | $5,650.00 | | | | $5,650.00 |
| Misc. Clothing | $500.00 | | | $500.00 | $0.00 |
| Jewelry | $5,000.00 | | | $5,000.00 | $0.00 |
| Cash | $200.00 | | | $150.00 | $50.00 |
| Heritage Checking xxx2564 | $40.77 | | | $30.58 | $10.19 |
| Heritage Checking xxx2572 | $29.58 | | | $22.19 | $7.39 |
| Bremer Checking xxx6040 | $302.28 | | | $226.71 | $75.57 |
| Bremer Checking xxx1842 | $59.65 | | | $44.74 | $14.91 |

| Item | Value | | | | |
|---|---|---|---|---|---|
| Bremer Checking xxx6720 | $34.29 | | | $25.71 | $8.58 |
| Highwater Ethanol 4 shares | $22,600.00 | | | | $22,600.00 |
| Kallevig Agriproducts | $1.00 | | | $0.00 | $1.00 |
| Tupperware | $200.00 | | | $200.00 | $0.00 |
| Christina IRA | $70,714.10 | | | $70,714.10 | $5,000.00 |
| Wade IRA | $139,994.32 | | | $139,994.32 | $0.00 |
| Education IRAs | $13,115.25 | | | $13,115.25 | $0.00 |
| Term Life Insurance | $0.00 | | | $0.00 | $0.00 |
| Corn | $38,059.03 | | | | $38,059.03 |
| 1999 Polaris | $1,000.00 | | | $1,000.00 | $0.00 |
| Fertilizer | $21,693.34 | | | $21,693.34 | $0.00 |
| Portable Fish House | $250.00 | | | | $250.00 |
| Heritage Checking xxx2556 | $500.00 | | | | $500.00 |
| R.J. O'Brien Hedging | $1,000.00 | | | | $1,000.00 |
| Office Furniture | $500.00 | | | | $500.00 |
| Officer Equipment | $1,000.00 | | | | $1,000.00 |
| Central Lakes Co-op Stock | $49,464.89 | | | | $49,464.89 |
| Paynesville Co-op Stock | $964.80 | | | | $964.80 |
| Glacial Plains Co-op Stock | $5,244.00 | | | | $5,244.00 |
| West-Con Stock | $97.00 | | | | $97.00 |
| MN Soybeans Processors | $34,800.00 | HB - $34,800.00 | | | $0.00 |
| Bushmills Ethanol | $412,500.00 | HB - $412,500.00 | | | $0.00 |
| | | | | | |
| **Total NE Assets** | | | | | **$599,908.64** |
| **Total NE Assets (Inc.)** | | | | | **$677,720.69** |
| Liquidation | | | | | |
| Chapter 7 Trustee Fees | $61,579.00 | | | | |
| Liquidation Costs (15%) | $191,644.40 | | | | |
| | | | | | |
| Liquidation Analysis | | | | | **$1,024,405** |

*These properties are also secured by Heritage Bank, but the bank total debt is already covered by other collateral.

Areas highlighted in green are assets that belong the Kallevig Agri Products, Inc.

# EXHIBIT B
## CASH FLOW ANALYSIS

**Projected Income**

|  | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| Income Source |  |  |  |  |  |
| Crops | $230,000.00 | $165,000.00 | $165,000.00 | $165,000.00 | $165,000.00 |
| Land Rent | $51,325.00 | $51,325.00 | $51,325.00 | $51,325.00 | $51,325.00 |
| Custom Work | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 |
| Gov. Payments | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Non-farm Income | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| K/D Payments |  |  |  |  |  |
| Total Est. | $346,325.00 | $296,325.00 | $296,325.00 | $296,325.00 | $296,325.00 |

**Estimated Expenses**

| Expense | Amount |  |  |  |  |
|---|---|---|---|---|---|
|  | 2022 | 2023 | 2024 | 2025 | 2026 |
| Fuel | $4,000.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| Seed | $20,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 |
| Feed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Fertilizer | $29,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 |
| Chemicals | $9,000.00 | $5,500.00 | $5,500.00 | $5,500.00 | $5,500.00 |
| Equipment Rental | $3,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Electric & Phone Bills | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 |
| Repairs | $8,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Crop Insurance | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 |
| Other Insurance | $22,000.00 | $22,000.00 | $22,000.00 | $22,000.00 | $22,000.00 |
| Real Estate Taxes | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Cash Rent |  |  |  |  |  |
| Hired Labor | $2,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Machine Hire | $8,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 |
| Drying | $5,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Misc. | $3,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
|  |  |  |  |  |  |
| Total Est. Expenses | $124,000.00 | $73,000.00 | $73,000.00 | $73,000.00 | $73,000.00 |
|  |  |  |  |  |  |
| Heritage Bank Loan | $75,000.00 | $75,000.00 | $75,000.00 | $75,000.00 | $75,000.00 |
| John Deere Laon | $23,500.00 | $23,500.00 | $23,500.00 | $23,500.00 | $23,500.00 |
| Bremer Bank Loan | $12,300.00 | $12,300.00 | $12,300.00 | $12,300.00 | $12,300.00 |
|  |  |  |  |  |  |
| Est. Living Expenses | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 | $50,000.00 |
|  |  |  |  |  |  |
| Net Disposable Income | $60,525.00 | $62,525.00 | $62,525.00 | $62,525.00 | $62,525.00 |

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re    
**Wade Stephen Kallevig**  
**Christina Marie Kallevig**  
Debtor(s).

Case No.

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS  
☐ CHAPTER 13 PLAN  
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS  
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS  
☐ MODIFIED CHAPTER 13 PLAN  
☑ OTHER (PLEASE DESCRIBE: **CHAPTER 12 PLAN**)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: **MAY 10, 2021**

X _/s/ Wade S. Kallevig_  
Signature of Debtor1 or Authorized Representative

X _/s/ Christina M. Kallevig_  
Signature of Debtor 2

**Wade Stephen Kallevig**  
Printed Name of Debtor 1 or Authorized Representative

**Christina Marie Kallevig**  
Printed Name of Debtor 2